10-659-ag
Eroglu v. Holder

BIA
Elstein, IJ
A097 517 078

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand eleven.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
>> *Circuit Judges.*

_____

ERTUGRUL EROGLU, also known as
ERTUGRUL BROGLU,
> *Petitioner,*

v.                                        10-659-ag
                                          NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Andrew P. Johnson, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Susan K. Houser, Senior
                       Litigation Counsel; Linda Y. Cheng,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ertugrul Eroglu, a native and citizen of Turkey, seeks review of a January 14, 2010, order of the BIA affirming the May 12, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein, which denied Eroglu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ertugrul Eroglu,* No. A097 517 078 (B.I.A. Jan. 14, 2010), *aff'g* No. A097 517 078 (Immig. Ct. N.Y. City May 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-67 (2d Cir. 2008).

Contrary to Eroglu's position, the agency reasonably relied on Eroglu's inconsistencies and omissions in arriving at its adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 164, 166-67. As the IJ noted, Eroglu testified that he had complained to the police many times about being followed, but he omitted this from his written statement. Eroglu also testified that he had been walking down the street with his cousins when they were attacked by members of the Gurbuz family, but police reports indicated that the two families had arranged to meet to settle a quarrel. In addition, Eroglu testified that he had been chosen by his family to kill a member of the rival family in 1992, but in his asylum application he stated that this decision was made in 2004. In light of these inconsistencies and omissions, the agency's adverse credibility finding is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 162 (2d Cir. 2008).

Eroglu's argument that the agency failed to properly consider the evidence and erred in finding that there was insufficient evidence of the existence of the blood feud on which his claim was based is also unavailing. We presume that the agency has taken into account all of the evidence

3

before it, "unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006). The weight afforded to the applicant's evidence lies largely within the discretion of the IJ. *Id*. at 342. Here, although Eroglu provided police reports to corroborate the existence of the feud, his testimony contradicted some of the information contained in the reports, and Eroglu himself testified that the police reports contained inaccurate information. The IJ therefore reasonably declined to credit these reports.

In addition, because Eroglu testified that he was presently in contact with his mother, brother, and other family members, and that it was his mother who informed him of the threats on his life, the IJ reasonably found that corroborating letters from these family members would have been reasonably available to Eroglu and would have helped establish the existence of the blood feud. And even if the existence of such a feud were conclusively established, the IJ reasonably found that Eroglu was not targeted on account of his membership in the social group comprised of the members of his family, but because they chose him to kill a member of the Gurbuz family; therefore, any potential future

4

harm which might befall Eroglu would be directed at him as an individual, not on account of a protected ground, as required for an applicant to be eligible for withholding of removal. *See* 8 U.S.C.A. § 1231(b)(3)(A).

Finally, contrary to Eroglu's contention, the agency did not err in finding that Eroglu failed to establish that he would more likely than not be tortured if returned to Turkey. Because the only evidence that Eroglu was likely to be tortured depended upon his credibility, the adverse credibility determination necessarily precludes success on Eroglu's claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184-85 (2d Cir. 2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility). And even if credible, Eroglu did not demonstrate that he would suffer any mistreatment "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *See* 8 C.F.R. § 1208.18(a)(1). Although members of the Gurbuz family hold political positions in Turkey,

5

Eroglu did not testify that he has ever been harmed or threatened by a Gurbuz acting in an official capacity. To the contrary, Eroglu testified that law enforcement officials in his hometown took active measures to arrest and prosecute members of the Gurbuz family for the 1991 shooting, protected Eroglu in his hospital room after the shooting, and attempted to act as mediators in the family feud. Therefore, the IJ reasonably concluded that Eroglu failed to meet his burden with regard to his CAT claim.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6